UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW U. D. STRAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:17-cv-02513-RLY-DML |
| | ) |
| INDIANA SUPREME COURT, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

On February 14, 2017, the Indiana Supreme Court ("ISC") suspended the law license of the *pro se* Plaintiff herein, Andrew U.D. Straw, for filing four frivolous lawsuits. *See In re Andrew U.D. Straw*, 68 N.E.3d 1070 (Ind. 2017). Following the suspension, the ISC listed his status as "suspended" in its Roll of Attorneys. The ISC also reported the same to the American Bar Association ("ABA"), which resulted in the loss of his membership with that organization.

On July 26, 2017, Plaintiff filed the instant Complaint entitled "Complaint Against Retaliation Actions of the Indiana Supreme Court Against Andrew Straw." As its title suggests, the Complaint alleges that the ISC retaliated against Plaintiff in numerous ways because of his mental and physical disabilities, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203 ("ADA"). In Count I, he alleges the ISC's Order of suspension is an act of retaliation because it prevents him from participating in law

1

reform at the ABA.[1]  (Filing No. 1, Compl. ¶ 35).  "The [ISC] retaliation also includes every ADA case or lawsuit even remotely implicated" in the four disability-based lawsuits that were the subject of his disciplinary proceeding.  (*Id.* ¶ 36).  In Count II, Plaintiff alleges the ISC's "notation" on its Roll of Attorney's showing his status as "suspended" is in retaliation for having filed multiple ADA lawsuits, including those that were the subject of his suspension.  (*Id.* ¶¶ 18, 40).  In Count III, he alleges the ISC's attorneys have "refused to communicate with [him] for months [and] refused every overture [he] has made for settlement of the matter."  (*Id.* ¶ 41).  This is so even though "[he] [has] had evidence to demonstrate discrimination in document format."  (Compl. ¶ 22).  And in Count IV, he alleges the Court refuses "to release [its] grip on [him]" by failing to reconsider its Order of suspension and allowing him to "resign his license." (*Id.* ¶¶ 23, 44).

The ISC moves to dismiss Plaintiff's Complaint for failure to state a claim and for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

**I.      Background**

The disciplinary complaint which culminated in Plaintiff's suspension was filed by Brenda Rodeheffer, employed by the Indiana Supreme Court's Division of State Court Administration, on September 3, 2014.  The filing of the disciplinary complaint has been

---

[1] In that case, he "sought to mandate each law school to collect disability information from students and faculty, for the ABA to collect disability-based data from students and faculty, and for that information to be provided to [him]."  *In re Straw*, 68 N.E.3d 1070, 1071 (Ind. 2017).

the subject of two prior lawsuits, filed by Plaintiff in 2015 and 2016, in the Southern District of Indiana.

Plaintiff's 2015 lawsuit was against the ISC, Ms. Rodeheffer, ISC employees Lilia Judson and Kevin Smith ("State Defendants"), and the Equal Employment Opportunity Commission ("EEOC"). *Straw v. Ind. Sup. Ct.*, No. 1:15-cv-1015-RLY-DKL. Plaintiff's allegations against the ISC begin in 2000, when he accepted a position with the ISC's Division of State Court Administration as a statistical analyst. (Compl.[2] ¶ 26 and Ex. J). He alleges that when he returned to work after taking leave from a head-on car accident in February 2001, his supervisor treated him poorly and complained that he did not walk fast enough. (*Id.* ¶¶ 27-29). He alleges that after he disclosed his bipolar disorder on his bar application, his supervisor began making disparaging remarks about people with bipolar disorder which he found extremely upsetting. (*Id.* ¶¶ 45-46).

In 2002, Plaintiff passed the Indiana bar. (*Id.* ¶ 56). Due to his mental disability, however, the Indiana Board of Law Examiners informed him he would receive "Conditional Admission" if he signed a Consent Agreement. (*Id.* ¶ 58 and Ex. W). The Consent Agreement required Plaintiff to submit quarterly statements from his psychiatrist and therapist establishing that his bipolar disorder was being successfully managed for a minimum of two years. (*Id.*). Plaintiff became so distraught over this circumstance that his doctor ordered him to be off work for four weeks. (*Id.* ¶ 60). Plaintiff alleges that when he returned to work in July 2002, Ms. Judson fired him. (*Id.* ¶ 61).

---

[2] This is in reference to the Complaint filed in 1:15-cv-1015-RLY-MPB.

On August 15, 2014,[3] Plaintiff filed a Petition for Redress of Grievances because he felt his constitutional and human rights had been violated by the ISC over a long period of time. (*Id.* ¶ 74 and Ex. Z). In the Petition, Plaintiff stated that the ISC engaged in disability-based discrimination in the bar application process and during his time as an employee of STAD. (*Id.*, Ex. Z at 1). Eventually, Mr. Smith referred the Petition to Ms. Rodeheffer, who explained the State Defendants' position that Plaintiff did not have any valid claims against them. (*Id.* ¶ 77 and Ex. CC).

On September 3, 2014, Ms. Rodeheffer filed a disciplinary complaint against Plaintiff with the ISC Disciplinary Commission stating that Plaintiff's "mental health problems have become sufficiently severe that I believe he is not competent to practice law." (*Id.* ¶ 80). She noted that Plaintiff had "filed multiple lawsuits in the last month that are nonsensical," including the lawsuit against the ABA referenced in footnote 1. (*Id.*, Ex. E and ¶ 109).

The court granted both the State Defendants' and the EEOC's Motions to Dismiss. Importantly, the court dismissed Plaintiff's discrimination and retaliation claims against the State Defendants for insufficient service of process, and for failure to state a plausible claim for relief. *Straw v. Ind. Sup. Ct.*, No. 1:15-cv-1015-RLY-DKL, 2016 WL 344720 (S.D. Ind. Jan. 28, 2016).

---

[3] Plaintiff moved to New Zealand in 2003, and returned to the United States in 2010. (Compl. ¶ 67). Plaintiff alleged other acts of discrimination against the State Defendants in the 2015 lawsuit, but they are not necessary for resolution of the present Motion.

Plaintiff's 2016 lawsuit was filed against the Indiana Supreme Court, Ms. Rodeheffer, G. Michael Witte, Executive Director of the Disciplinary Commission, Loretta Rush, Chief Justice of the Indiana Supreme Court, Lilia Judson, and Hearing Officer James Robert Ahler ("State Defendants"). *Straw v. Ind. Sup. Ct.*, 1:16-cv-3483-JMS-TAB. The Complaint alleged "identical claims" against the State Defendants as those asserted in the 2015 lawsuit. *Straw v. Ind. Sup. Ct.*, 692 Fed. Appx. 291, 293 (2017). The district court therefore found Plaintiff's ADA retaliation claims were barred by *res judicata*. *Straw v. Ind. Sup. Ct.*, 1:16-cv-3483-JMS-TAB, 2017 WL 634162, at *2 (S.D. Ind. Feb. 16, 2017). The court entered final judgment, and the Seventh Circuit affirmed. *Straw,* 692 Fed. Appx. at 294.

## II. Discussion

### A. *Res Judicata*

The ISC moves to dismiss Plaintiff's ADA retaliation claims under Rule 12(b)(6) because they are barred under the doctrine of *res judicata*.

*Res judicata* bars relitigation of the same cause of action between the same parties where the first litigation resulted in a valid, final judgment on the merits. *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). The doctrine applies to a prior federal court judgment if the following three factors are met: (1) identity of the parties or privies; (2) identity of the cause of action; and (3) final judgment on the merits. *Id*. The second element is analyzed under the "operative facts" or "same transaction" test. *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008). "Under this formulation, a cause of action consists of 'a core of operative facts which give rise to a

5

remedy.'" *Id.* (quoting *In re Matter of Energy Coop., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987)).

Here, the 2015, 2016, and the present 2017 lawsuit involve the same parties: Plaintiff and the ISC. In addition, the retaliation claims at issue are based on the same underlying facts as those asserted in the 2015 and 2016 Complaints. Indeed, he alleges he has been discriminated against by the ISC for sixteen (16) years, which has resulted in "several lawsuits" against the ISC. (Compl. ¶¶ 5, 7). He further alleges "that the entire disciplinary proceeding was initiated by [Ms. Rodeheffer] reacting and retaliating against my ADA complaints [i.e., the Petition for Redress] days earlier about the state court, her employer." (*Id.* ¶ 28). And in Plaintiff's Response, he accuses the ISC of "defending the violations of [his] person that it started inflicting in 2002, continued to inflict in 2014 and 2016, and still inflicts as of October 4, 2017." (Filing No. 22, Response at 18). Thus, the first two elements of the *res judicata* inquiry are satisfied.

With respect to the third element—final judgment on the merits—Plaintiff argues there was no final judgment on the merits in the 2015 lawsuit. "A dismissal under Rule 12(b)(6) becomes a final judgment on the merits for res judicata purposes when plaintiff fails to appeal." *Kramer v. Stelter*, 588 F. Supp. 2d 862, 869 (N.D. Ill. 2008); *see also Tartt v. Nw. Comm. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). In the 2015 lawsuit, Plaintiff failed to appeal the court's Order dismissing the lawsuit. Consequently, his original 2015 case was decided on the merits. The 2016 lawsuit was likewise decided on the merits, and the judgment was affirmed by the Seventh Circuit on *res judicata* grounds.

Still, Plaintiff maintains he "can keep suing the [ISC] so long as it keeps providing [him] with fresh violations of law. Fresh retaliations." (Response at 4, ¶ 13). The first "fresh retaliation" consists of a letter dated August 22, 2017, from Indiana Deputy Attorney General Patricia McMath, who represented the State Defendants in the appeal of the 2016 lawsuit. In the letter, Ms. McMath informed Plaintiff that his communications with the State Defendants constitute a violation of Indiana Rule of Professional Conduct 4.2. She warned him that if he continued to communicate directly with the State Defendants, he would subject himself to a disciplinary complaint. (Filing No. 17-1). Plaintiff maintains Ms. McMath's letter violated his First Amendment rights, and that the suspension of his law license constituted a Fifth Amendment taking. (*See* Response at 17 ("There are deprivations of my First Amendment rights proven in this case as well as Fifth Amendment Takings violations because my law licenses (state and federal) have not be compensated as they should have been.")).

The second "fresh retaliation" is against Disciplinary Commission Executive Director Witte, who dismissed Plaintiff's complaint to the Disciplinary Commission against Ms. McMath on September 8, 2017. (Filing No. 18-1). Plaintiff argues Mr. Witte "had no business issuing this letter or exonerating the ethical and constitutional violations of his lawyer, Ms. McMath, who also represented the defendant here." (Reponse at 7).

The principle problem with Plaintiff's new retaliation claims is twofold. First, he never named either Ms. McMath or Mr. Witte in his Complaint. Second, Plaintiff never raised First and Fifth Amendment claims in his Complaint. These claims are therefore

7

waived. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("'[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'") (quoting *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)); *Wooley v. Jackson Hewitt, Inc.*, 540 F.Supp.2d 964, 972 (N.D. Ill. 2008) ("Plaintiff cannot amend his complaint by raising new claims in response to the motion to dismiss.")).

Because Plaintiff has not raised *new* claims of retaliation in his Complaint against the only defendant in this case, the ISC, *res judicata* bars his ADA retaliation claims.

**B.** ***Rooker-Feldman* Doctrine**

The ISC moves to dismiss Plaintiff's claims arising out of the suspension of his law license for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cnty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016) (citing *Exxon-Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Id.*

Plaintiff argues the *Rooker-Feldman* doctrine does not apply because he is not appealing the ISC's Order of suspension. In fact, he argues, he appealed that decision to the United States Supreme Court. (Response at 5). But his claims and his request for a preliminary injunction essentially request the court to set aside the ISC's decision. He

8

requests that the court order the ISC to ask the ABA to restore his membership; he requests to have his notation about his suspension removed from the Indiana Roll of Attorney's website; and he concedes that the "disciplinary complaint of 9/23/2014 continues to be the source of injuries." (Response at 18). Because Plaintiff actually is challenging the ISC's Order of suspension, this court lacks subject matter jurisdiction over the ISC's Order.

### C. Claim Against the Indiana Deputy Attorney General

Plaintiff brings a claim against the Indiana Deputy Attorney General, who represents the ISC, for failing to communicate with him for months and for refusing his overture for settlement of this case and the 2016 case. He claims he has "given so many reasons to settle with [him], backed up by documents proving [his] case, non-communication is not acceptable and it is retaliation." (Compl. ¶ 43). Neither Indiana nor federal law recognize such a claim. Therefore, this claim must be dismissed.

### D. Preliminary Injunction

Lastly, Plaintiff seeks an injunction (1) "to force the [ISC] to ask the ABA to restore [his] membership and apologize for this retaliation"; (2) "to take the notation about suspension and any reference to it on the Indiana Roll of Attorneys website away"; and (3) to "direct the attorneys for the [ISC] to at least acknowledge when I communicate with them." (*Id.* ¶ 46). The ISC moves to dismiss Plaintiff's request for a preliminary injunction because he cannot meet the standards for a preliminary injunction, including a reasonable likelihood of success on the merits and that the public interest would be served by granting the motion. The court agrees.

### III. Conclusion

The court finds Plaintiff's claims must be dismissed as a matter of law for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. The ISC's Motion to Dismiss (Filing No. 20) is therefore **GRANTED**.

**SO ORDERED** this 11th day of December 2017.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy to Plaintiff via U.S. Mail:

Andrew U.D. Straw
1900 E. Golf Road
Suite 950A
Schaumburg, IL  60173