# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

February 22, 2018

To:     Laura A. Briggs
        UNITED STATES DISTRICT COURT
        Southern District of Indiana
        United States Courthouse
        Indianapolis , IN 46204-0000

| No. 17-3596 | ANDREW U. D. STRAW, Plaintiff - Appellant  v.  INDIANA SUPREME COURT, Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:17-cv-02513-RLY-DML  Southern District of Indiana, Indianapolis Division  District Judge Richard L. Young ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:     No record to be returned

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                    **Received by:**

__2/22/2018_____      ____*Laura Townsend*_____

                                                         Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**

**ORDER**

January 29, 2018

*By the Court:*

| | |
|---|---|
| No. 17-3596 | ANDREW U. D. STRAW,<br>Plaintiff - Appellant<br><br>v.<br><br>INDIANA SUPREME COURT,<br>Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 1:17-cv-02513-RLY-DML<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young | |

The following are before the court:

1. **MOTION FOR IFP AND OTHER RELIEF**, filed on December 28, 2017, by the pro se appellant.

2. **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**, filed on December 29, 2017, by the pro se appellant.

3. **MOTION**, filed on January 5, 2018, by the pro se appellant.

4. **MOTION**, filed on January 8, 2018, by the pro se appellant.

5. **MOTION**, filed on January 19, 2018, by the pro se appellant.

Andrew Straw appeals the district court's dismissal of his complaint in which he alleged that the Indiana Supreme Court violated the Americans with Disabilities Act, *see* 42

Appeal no. 17-3596                                                                                             Page 2

U.S.C. § 12101 *et seq.* The Indiana Supreme Court suspended Straw's law license after he filed four frivolous suits in that state. Other courts have since reciprocally suspended his license.

Straw has filed similar suits twice before. His first suit was dismissed by the district court for insufficient process of service and failure to state a claim. *See Straw v. Ind. Sup. Ct.*, No. 1:15-cv-1015-RLY-DKL, 2016 WL 344720 (S.D. Ind. Jan. 28, 2016). His second suit was barred by res judicata. *See Straw v. Ind. Sup. Ct.*, 692 Fed. Appx. 291 (2017).

Now in his third suit, Straw again alleged that the Indiana Supreme Court treated him in a manner that violated the ADA. First, Straw alleged that the Indiana Supreme Court retaliated against him by convincing the American Bar Association to terminate his license. Second, he asserted that the Indiana Supreme Court retaliated against him by placing a notation on the Indiana Roll of Attorneys that he has been suspended. He next alleged that the Indiana Attorney General is shunning him by refusing to communicate with him about a settlement. His fourth count is unclear.

The district court dismissed each of Straw's claims. It concluded that his claim of retaliation was barred by res judicata and his second claim was barred by the *Rooker-Feldman* doctrine. As for his third count, the district court determined that he failed to state a claim. The district court did not discuss Straw's fourth count.

On appeal, rather than describe his claims, Straw refers to his complaint and asserts that the four counts show that the Indiana Supreme Court has continued to injure him, even after suspending his license. But as the district court said, Straw has tried to litigate his first count of retaliation several times, and that claim is barred. His claim about the notation on the Roll of Attorneys is only an outgrowth of his underlying argument that the Indiana Supreme Court erroneously suspended his license. And the *Rooker-Feldman* doctrine bars claims like this one in which the plaintiff is contesting an injury that was an outgrowth of a state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). Straw's third count says nothing about the Indiana Supreme Court and his fourth count says nothing about a violation of the ADA, so neither state a claim.

We have reviewed Straw's other motions in this case and conclude they are meritless. As such, we deny all pending motions. Accordingly,

**IT IS ORDERED** that Andrew Straw's motion to proceed in forma pauperis is **DENIED**, and the judgment of the district court is **SUMMARILY AFFIRMED**.

form name: **c7_Order_BTC**(form ID: **178**)